736 S.E.2d 263

The STATE, Petitioner,

v.

Danny Cortez BROWN, Respondent.

No. 27202.

Supreme Court of South Carolina.

Heard Oct. 31, 2012.

Decided Dec. 19, 2012.

Rehearing Denied Jan. 24, 2013.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney Gener-

al Mark Reynolds Farthing, all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Petitioner.

Appellate Defender David Alexander, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice BEATTY.

Danny Cortez Brown was convicted of trafficking in cocaine and sentenced to twenty-five years in prison. Brown appealed, arguing the trial court erred in denying his motion to suppress the cocaine, which was seized from a duffel bag after his arrest for an open container violation during an automobile stop. The Court of Appeals reversed on the basis the search was improper under *Arizona v. Gant,* 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). *State v. Brown,* 389 S.C. 473, 698 S.E.2d 811 (Ct.App.2010). This Court has granted the State's petition for a writ of certiorari to review the decision of the Court of Appeals. We reverse.

## I. FACTS

Shortly after 7:00 p.m. on October 6, 2005, Officer Daryl Williams of the Horry County Police Department was on patrol in Myrtle Beach, in the vicinity of 16th Avenue South and Kings Highway, when he looked over at a vehicle near him, a 1970s-model Plymouth, and noticed the passenger was drinking from a beer can. Upon making eye contact with Officer Williams, the passenger, Brown, tucked the beer can between his legs. Officer Williams then initiated a traffic stop based on the open container violation. The driver of the car, Rodney Smith, stopped the car in the roadway, near the curb, rather than pulling off the road.

When Officer Williams approached the vehicle, he asked Brown about the beer can. Brown initially denied having any beer, but upon further questioning Brown revealed the beer can that was in his lap. Officer Williams removed Brown from the car and arrested him for an open container violation. Officer Williams had previously noticed a small black duffel bag on the floorboard of the car, on the passenger's side between Brown's legs. When he removed Brown from the car, Officer Williams placed the bag on the sidewalk and then

placed Brown, handcuffed, in the back of his patrol car. Officer Williams asked Brown if that was his bag, and Brown confirmed that it belonged to him.

After securing Brown, Officer Williams returned to the stopped vehicle. While talking to Smith, Officer Williams unzipped the duffel bag, which was still on the sidewalk, and looked inside. He discovered what appeared to be powdered cocaine in a plastic bag (122.65 grams) hidden inside a crumpled Fritos bag. Officer Williams closed the duffel bag and resumed his conversation with Smith and asked for his driver's license.

Upon running a license check, Officer Williams discovered Smith's driver's license was suspended, and he arrested Smith for driving under suspension and placed him in another patrol vehicle as more officers arrived at the scene. A search under the driver's seat in the car revealed a black pouch roughly the size of a cigarette pack that contained a small amount of several drugs. Smith was advised that he was also under arrest for those drugs. Smith acknowledged the drugs under the seat belonged to him.

Brown's first trial ended in a mistrial. During the current trial, held in September 2006, Brown moved to suppress the drugs seized from the duffel bag, arguing the search and seizure violated his Fourth Amendment rights. The trial court denied the motion on the basis the drugs were discovered during a search incident to a lawful arrest, which was conducted in conformance with *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

On appeal, the Court of Appeals reversed Brown's conviction and vacated his sentence on the basis the search violated Brown's Fourth Amendment rights. *State v. Brown*, 389 S.C. 473, 698 S.E.2d 811 (Ct.App.2010). The court held the search was improper under the law recently announced in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), which departed from *Belton*, although it noted, "In fairness to the trial court, it did not have the guidance provided to us by the United States Supreme Court in the *Gant* case." *Brown*, 389 S.C. at 481 n. 2, 698 S.E.2d at 815 n. 2. Applying the new rule pronounced in *Gant*, the Court of Appeals found the exception allowing warrantless searches incident to a lawful

arrest was inapplicable here because (1) Brown could not have accessed the vehicle or the duffel bag during the arrest, and (2) there was no indication that the duffel bag contained further evidence of the open container violation. *Id.* at 480–81, 698 S.E.2d at 815.

The Court of Appeals further held that the automobile exception for warrantless searches was inapplicable because the officer did not have probable cause to search the bag, and the inevitable discovery rule was unavailing because the State did not meet its burden at trial of establishing the evidence would inevitably have been discovered during an inventory search. *Id.* at 483–84, 698 S.E.2d at 816–17. This Court granted the State's petition for a writ of certiorari.

## II. STANDARD OF REVIEW

In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Baccus,* 367 S.C. 41, 625 S.E.2d 216 (2006); *State v. Wilson,* 345 S.C. 1, 545 S.E.2d 827 (2001).

"The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Saltz,* 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Jennings,* 394 S.C. 473, 477–78, 716 S.E.2d 91, 93 (2011) (citation omitted).

When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error. *State v. Missouri,* 361 S.C. 107, 603 S.E.2d 594 (2004); *State v. Pichardo,* 367 S.C. 84, 623 S.E.2d 840 (Ct.App.2005).

## III. LAW/ANALYSIS

On appeal, the State contends the Court of Appeals erred in reversing Brown's conviction and vacating his sentence. Specifically, the State argues the Court of Appeals erred because

(1) the officer conducted the search of the duffel bag incident to Brown's arrest in compliance with the controlling appellate precedent in effect at the time of the search, and (2) the challenged evidence inevitably would have been discovered, regardless of the propriety of the search conducted incident to Brown's arrest. Because this case turns on a determination of the applicable precedent, a brief timeline of the pertinent authorities is desirable here.

### Fourth Amendment, Exclusionary Rule, & Exceptions

 The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures and provides that no warrants shall be issued except upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized. U.S. Const. amend. IV; *see also Baccus*, 367 S.C. at 50, 625 S.E.2d at 221 (stating a search warrant may be issued only upon a finding of probable cause). "A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property." *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 327 (2011) (quoting *Horton v. California*, 496 U.S. 128, 133, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)).

 The Fourth Amendment itself provides no remedy for a violation of the warrant requirement. *Davis v. United States*, —— U.S. ——, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011). However, the United States Supreme Court has fashioned a judicially-created remedy, the exclusionary rule, which is a deterrent sanction by which the prosecution is barred from introducing evidence obtained in violation of the Fourth Amendment. *Id.* at 2423. "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search.'" *Id.* at 2426 (citations omitted). "The rule's sole purpose, [the Supreme Court] has repeatedly held, is to deter future Fourth Amendment violations." *Id.* Because "[e]xclusion exacts a heavy toll on both the judicial system and society at large," the Court has stated "the deterrence benefits of suppression must outweigh its heavy costs" for the exclusion to be deemed appropriate. *Id.* at 2427. In addition, judicially-created exceptions have

been established to ameliorate the harsh effects of the judicially-created exclusionary rule. *Id.*

"Warrantless searches and seizures are unreasonable absent a recognized exception to the warrant requirement." *Wright,* 391 S.C. at 442, 706 S.E.2d at 327. These exceptions include the following: (1) search incident to a lawful arrest, (2) hot pursuit, (3) stop and frisk, (4) automobile exception, (5) the plain view doctrine, (6) consent, and (7) abandonment. *State v. Dupree,* 319 S.C. 454, 462 S.E.2d 279 (1995); *State v. Moore,* 377 S.C. 299, 659 S.E.2d 256 (Ct.App. 2008); *see also Wright,* 391 S.C. at 444–45, 706 S.E.2d at 327–28 (discussing exigent circumstances); *State v. Herring,* 387 S.C. 201, 692 S.E.2d 490 (2009) (same).

### *Rule Announced in New York v. Belton (U.S. 1981)*

In the current appeal, the trial court denied Brown's suppression motion and ultimately ruled the drugs were admissible pursuant to the authority of *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) because they were discovered during a search incident to a lawful arrest. In *Belton,* the Supreme Court, "[i]n order to establish the workable rule this category of cases requires," held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 101 S.Ct. 2860 (footnote omitted).

"It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." *Id.* (citing *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)). "Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." *Id.* at 461, 101 S.Ct. 2860. The Court observed "that these containers will sometimes be such that they could hold neither a weapon

nor evidence of the criminal conduct for which the suspect was arrested." *Id.* However, the Court cited its previous decision in *Robinson* that the authority to search "does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence" could have been found. *Id.* (quoting *Robinson*, 414 U.S. at 235, 94 S.Ct. 467).

### Limitation of Belton in Arizona v. Gant (U.S. 2009)

In *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the Supreme Court departed from twenty-eight years of precedent and altered the rule it had announced in *Belton.*

In *Gant*, the defendant was arrested for driving with a suspended license and then handcuffed and locked in the back of a patrol car while officers searched his car. *Id.* at 335, 129 S.Ct. 1710. Officers discovered cocaine in the pocket of a jacket that was on the backseat. *Id.* The question arose whether *Belton's* exception for warrantless searches of auto-mobiles pursuant to a lawful arrest should apply to justify the search when it was undisputed that Gant could not have accessed his car to retrieve evidence or weapons at the time of the search. *Id.*

The Supreme Court stated the *Belton* "opinion has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Id.* at 341, 129 S.Ct. 1710. The Court explained "[t]his reading may be attributable to Justice Brennan's dissent in *Belton*, in which he characterized the Court's holding as resting on the 'fiction . . . that the interior of a car is *always* within the immediate control of an arrestee who has recently been in the car.'" *Id.* (quoting *Belton*, 453 U.S. at 466, 101 S.Ct. 2860 (Brennan, J., dissenting)).[1]

---

1. The dissent in *Gant* observes, "Contrary to the Court's suggestion, however, Justice Brennan's *Belton* dissent did not mischaracterize the Court's holding in that case or cause that holding to be misinterpreted. As noted, the *Belton* Court explicitly stated precisely what it held." *Gant*, 556 U.S. at 357 (Alito, J., dissenting).

The Court stated, "The experience of the 28 years since we decided *Belton* has shown that the generalization underpinning the broad reading of that decision is unfounded." *Id.* at 350, 129 S.Ct. 1710. "We now know that articles inside the passenger compartment are rarely" within an arrestee's reach and that "blind adherence to *Belton's* faulty assumption would authorize myriad unconstitutional searches." *Id.* at 350–51, 129 S.Ct. 1710. "The doctrine of *stare decisis* does not require us to approve routine constitutional violations." *Id.* at 351, 129 S.Ct. 1710.

 The Supreme Court declared the following new two-part rule:

Police may search a vehicle incident to a recent occupant's arrest *only if* [1] the arrestee is within reaching distance of the passenger compartment at the time of the search *or* [2] it is reasonable to believe the vehicle contains evidence of the arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.* (emphasis added).

### Supreme Court's Qualification of Gant

Thereafter, in *Davis v. United States*, —— U.S. ——, 131 S.Ct. 2419, 2423–24, 180 L.Ed.2d 285 (2011), the Supreme Court observed that *Gant* represented "a shift in our Fourth Amendment jurisprudence on searches of automobiles incident to arrests of recent occupants" and considered the question of "whether to apply [the] sanction [of the exclusionary rule] when the police conduct a search in compliance with binding precedent that is later overruled." The Court held that, "[b]ecause suppression would do nothing to deter police misconduct in these circumstances, and because it would come at a high cost to both the truth and the public safety, ... searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Id.*

The Court explained that, "[f]or years, *Belton* was widely understood to have set down a simple, bright-line rule. Numerous courts read the decision to authorize automobile

searches of recent occupants, regardless of whether the arrestee in any particular case was within reaching distance of the vehicle at the time of the search." *Id.* at 2424. "Even after the arrestee had stepped out of the vehicle and had been subdued by police, the prevailing understanding was that *Belton* still authorized a substantially contemporaneous search of the automobile's passenger compartment." *Id.*

The Supreme Court stated it had "adopted a new, two-part rule" in *Gant. Id.* at 2425. The Court noted the search at issue in *Davis* occurred in 2007, some two years before it announced its new rule in *Gant. Id.* The driver was arrested for driving while intoxicated and the passenger, Willie Davis, was arrested for giving a false name to police. *Id.* Both were handcuffed and placed in the back of separate patrol cars. *Id.* The police then searched the car and found a revolver inside Davis's jacket pocket. *Id.* The Court's opinion in *Gant* was issued while Davis's appeal from his conviction was still pending. *Id.*

The Court reasoned that the exclusionary rule's sole purpose is to deter future Fourth Amendment violations and that where suppression fails to yield "appreciable deterrence," exclusion is "clearly ... unwarranted." *Id.* at 2426–27 (citation omitted). The Court stated that "when binding appellate precedent specifically *authorizes* a particular police practice," such that the officer has acted in an objectively reasonable manner, the application of the exclusionary rule would serve only to discourage an officer from doing his duty and to deter "conscientious police work." *Id.* at 2429. The Court stated, "That is not the kind of deterrence the exclusionary rule seeks to foster." *Id.*

The Court held that *Gant* would apply retroactively to Davis because his "conviction had not yet become final on direct review." *Id.* at 2431. However, the Court distinguished the concept of a "remedy" from the question of "retroactivity" and found the exclusionary rule does not apply when the police conduct a search in accordance with existing appellate precedent. *Id.* at 2430–34. The Court stated that, in those circumstances, the police have not engaged in culpable misconduct, so the deterrent purpose of the exclusionary rule would not be served. *Id.* at 2434.

### Application of Precedent in the South Carolina Courts

In *Narciso v. State,* 397 S.C. 24, 723 S.E.2d 369 (2012), this Court, in considering a belated appeal[2] from a conviction for trafficking in cocaine, examined the interplay of *Belton, Gant,* and *Davis.* The police had been investigating Osiel Narciso as part of an ongoing drug investigation, but stopped him in 2005 after receiving a report that he might be operating a vehicle in the area with an expired license tag and possibly no driver's license. *Id.* at 26–27, 723 S.E.2d at 370. A police officer conducted a traffic stop after confirming that Narciso's license tag was expired. *Id.* at 27, 30, 723 S.E.2d at 370, 372. Another officer arrived at the scene, and Narciso was arrested after the police verified that he did not possess a valid driver's license. *Id.* The police then conducted a search, including a "K–9" search, of his vehicle incident to that arrest. *Id.* at 27, 723 S.E.2d at 370. The narcotics-detection dog alerted on drug residue inside the vehicle, and the police ultimately seized cocaine from the vehicle. *Id.*

Narciso was tried in 2007 on charges of trafficking, two years prior to the United States Supreme Court's holding in *Gant. Id.* at 30, 723 S.E.2d at 372. The trial court, though expressing misgivings, denied the defendant's motion to suppress the drug evidence in reliance upon *Belton. Id.* After reviewing the holdings of the foregoing cases and other authority, this Court concluded on appeal that *"Davis v. United States* [131 S.Ct. 2419 (2011),] and our own standard of review, commands that the circuit court's decision be affirmed." *Id.* at 32, 723 S.E.2d at 373. The Court stated,

> In the instant case, the search incident to arrest violated Petitioner's Fourth Amendment rights pursuant to *Gant.* However, excluding the evidence against Petitioner would not deter police misconduct because the police in this instance conducted a search incident to arrest pursuant to binding appellate precedent. *See* [*Davis v. United States* ], 131 S.Ct. at 2426–28. Moreover, exclusion of the evidence in this case would result in severe social costs, including the

---

2. In *Narciso,* the State consented to a belated appeal pursuant to *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974). Although Brown has argued against the precedent of *Narciso,* we reaffirm that its result is mandated by *Davis.*

articulation of an inexplicable and undecipherable message to law enforcement regarding how to conduct a legal search. The protection of the Fourth Amendment can only be realized if the police are acting under a set of rules which make it possible to reach a correct determination beforehand as to whether an invasion of privacy is justified in the interest of law enforcement. Wayne R. LaFave, *"Case–By–Case Adjudication" Versus "Standardized Procedures": The Robinson Dilemma,* 1974 Sup.Ct. Rev. 127, 142 (1974). *Id.* The Court noted that the State, as the respondent, had argued that due to Gant, the search-incident-to-arrest ground was no longer appropriate for denying the suppression motion, and had urged the Court to find the search was justified under the automobile exception. *Id.* at 32 n. 2, 723 S.E.2d at 373 n. 2. The Court stated that, because the decision in Davis was dispositive and the exclusionary rule did not apply, it "need not reach the automobile exception, or any other grounds, for upholding the search." *Id.*

Similarly, in the current appeal, Brown's arrest and the police search incident to arrest occurred in 2005, when *Belton* was still the prevailing appellate precedent. As a result, the trial court properly denied Brown's motion to suppress at trial in 2006 after concluding the search was then legal under *Belton* as a search incident to a lawful arrest (for an open container violation).

Thereafter, on April 21, 2009, the United States Supreme Court issued its opinion in *Gant,* which declared the police may conduct a warrantless search of a vehicle incident to a recent occupant's arrest only if (1) the person is within reaching distance of the passenger compartment at the time of the search, or (2) it is reasonable to believe the vehicle contains evidence of an arrest. *Gant,* 556 U.S. at 351, 129 S.Ct. 1710.

The following year, the South Carolina Court of Appeals heard Brown's direct appeal. In its decision filed on June 14, 2010, the court applied the new rule articulated in *Gant. State v. Brown,* 389 S.C. 473, 698 S.E.2d 811 (Ct.App.2010). The court held that, under *Gant,* the search of Brown's duffel bag was unlawful because Brown was handcuffed and placed in the patrol car prior to the search and, thus, he did not have access to the vehicle at the time of the search. *Brown,* 389 S.C. at

480–81, 698 S.E.2d at 815. The court then applied the exclusionary rule to bar the admission of the drug evidence and reversed Brown's conviction and vacated his sentence. *Id.* at 483–84, 698 S.E.2d at 816–17.

 Since Brown's appeal was still pending on direct review, we find the Court of Appeals properly applied *Gant* and determined the search of Brown's duffel bag violated his Fourth Amendment rights because neither alternative of *Gant's* two-part test was met so as to justify a warrantless search.

 The Court of Appeals, however, like the trial court before it, did not have the benefit of subsequent authority. On June 16, 2011, a year after the Court of Appeals filed its decision, the United States Supreme Court issued its opinion in *Davis v. United States,* —— U.S. ——, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), clarifying that *Gant* would apply to pending cases on direct review, but that the exclusionary rule could *not* be applied in these circumstances because the officers carried out their searches in accordance with existing appellate precedent and the exclusionary rule would serve no deterrent purpose. Consequently, we find the exclusionary rule should not be applied in Brown's case because it would contravene the dictates of *Davis.*[3] We, therefore, reverse the decision of the Court of Appeals and reinstate his conviction and sentence.

Having determined that the exclusionary rule should not be applied in the circumstances present here, it is unnecessary to reach the State's second argument regarding inevitable discovery, which is an exception to the exclusionary rule. *See Narciso,* 397 S.C. at 32 n. 2, 723 S.E.2d at 373 n. 2 (finding where *Davis* was dispositive and the exclusionary rule did not

---

3. We reject Brown's contention that this Court should not apply the *Davis* decision based on alleged error preservation grounds. The State filed its petition for a writ of certiorari with this Court in 2010, and the Supreme Court did not issue *Davis* until 2011, while Brown's appeal was still pending on direct review in this Court. The parties thoroughly argued this issue in their briefs. In *Narciso,* this Court applied both *Gant* and *Davis,* finding these authorities were applicable to all cases still pending on direct review. In our view, it would be incongruous to apply *Gant* to pending appeals to find the search was unlawful, but not to apply the Supreme Court's corresponding clarification in *Davis.*

apply to bar the evidence, exceptions to the exclusionary rule need not be considered).

## IV. CONCLUSION

In conclusion, we hold the Court of Appeals properly applied *Gant* and found the warrantless police search conducted incident to Brown's arrest for an open container violation was illegal. We further hold, however, pursuant to the Supreme Court's subsequent pronouncement in *Davis,* that the exclusionary rule is not applicable to this case because the officer relied upon existing appellate precedent at the time he conducted his search. Consequently, the decision of the Court of Appeals is reversed.

**REVERSED.**

TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur.