**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Theodore Manning, Appellant.

Appellate Case No. 2010-176707

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-411
Heard October 15, 2014 – Filed November 19, 2014

**AFFIRMED IN PART AND REMANDED**

Luke A. Shealey, of The Shealey Law Firm, LLC, and
Chief Public Defender E. Fielding Pringle, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

**PER CURIAM:**  Theodore Manning appealed his conviction for voluntary
manslaughter, arguing the trial court erred by refusing to (1) exclude a photograph
of the victim's charred skeletal remains; (2) suppress a search warrant and the

evidence seized pursuant to it; (3) conduct a full evidentiary hearing to determine whether he was immune from prosecution under the Protection of Persons and Property Act[1] (the Act); and (4) give a jury charge based on section 16-11-440(A) of the Act. A previous panel affirmed his conviction in a published opinion. *State v. Manning*, Op. No. 5228 (S.C. Ct. App. filed May 7, 2014) (Shearouse Adv. Sh. No. 18 at 16). The panel withdrew the opinion after unanimously granting both the State's and Manning's petitions for rehearing. *State v. Manning*, S.C. Ct. App. Order dated June 26, 2014. We now affirm in part and remand.

Before trial, Manning made a motion requesting that the trial court determine whether he was immune from prosecution under subsection 16-11-450(A) of the Act by conducting a full evidentiary hearing. The court heard arguments from counsel and reviewed a statement Manning gave police, but did not take testimony or consider any other evidence. The trial court denied Manning's motion for immunity, finding the Act inapplicable to his case.

We find the trial court erred in denying Manning's motion without first conducting an evidentiary hearing. Accordingly, we remand this case so that the trial court can conduct an evidentiary hearing and then rule, based upon a preponderance of all the evidence presented at the hearing, whether Manning is immune from prosecution under any provision of the Act. *See State v. Duncan*, 392 S.C. 404, 410-11, 709 S.E.2d 662, 665 (2011) (requiring the trial court to conduct, upon motion of either the defendant or the State, a pretrial evidentiary hearing and decide by a preponderance of the evidence presented during the hearing whether the defendant is immune from criminal prosecution under the Act); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review.").

As to Manning's remaining issues on appeal, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  The trial court properly refused to give a jury charge based on section 16-11-440(A) of the Act. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2013).

judge's decision regarding a jury charge absent an abuse of discretion."); *id.* at 479, 697 S.E.2d at 583 ("To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Burkhart*, 350 S.C. 252, 263, 565 S.E.2d 298, 304 (2002) ("Failure to give requested jury instructions is not prejudicial error where the instructions given afford the proper test for determining the issues.").

2.  The trial court did not abuse its discretion in refusing to exclude the photograph of the victim's charred skeletal remains. *See State v. Green*, 397 S.C. 268, 287, 724 S.E.2d 664, 673 (2012) (stating the admission of photographic evidence is within the trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion); *State v. Stephens*, 398 S.C. 314, 319-20, 728 S.E.2d 68, 71 (Ct. App. 2012) (stating this court reviews the trial court's decision regarding Rule 403, SCRE, under an abuse of discretion standard and must give great deference to the trial court's ruling); *State v. Gray*, 408 S.C. 601, 613, 759 S.E.2d 160, 166-67 (Ct. App. 2014) (stating "[p]hotos that corroborate important testimony on issues significant to the case may have very high probative value"); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("Moreover, we have viewed the photographs and find that they were not unduly prejudicial to Appellant.").

3.  The trial court did not err in denying Manning's motion to suppress the search warrant and the evidence seized pursuant to it. *See State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error."); *State v. Tench*, 353 S.C. 531, 534, 579 S.E.2d 314, 316 (2003) ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in the particular place to be searched."); *id.* at 534-35, 579 S.E.2d at 316 ("A reviewing court should give great deference to a magistrate's determination of probable cause.").

On remand, if the trial court finds Manning is entitled to immunity under the Act, it shall vacate his conviction for voluntary manslaughter. If the trial court finds

Manning is not entitled to immunity, subject to further appellate review, Manning's conviction will stand.

**AFFIRMED IN PART AND REMANDED.**

**FEW, C.J., and KONDUROS and McDONALD, JJ., concur.**