**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerry Jerome Andrews, III, Appellant.

Appellate Case No. 2015-001176

<hr>

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

<hr>

Unpublished Opinion No. 2017-UP-073
Submitted December 1, 2016 – Filed February 8, 2017

<hr>

**AFFIRMED**

<hr>

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

<hr>

**PER CURIAM:** Jerry Andrews appeals his convictions and concurrent sentences of four months' imprisonment for resisting arrest and thirty days' imprisonment for possession of marijuana. On appeal, Andrews argues the circuit court erred in

denying his motion to suppress evidence based upon a Fourth Amendment violation because (1) the officer did not have reasonable suspicion to believe Andrews was involved in criminal activity to justify the stop and (2) the officers did not have reasonable suspicion to believe Andrews was armed and dangerous to justify the frisk. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the [circuit] court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error."); U.S. Const. amend. IV (providing the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures"); *Terry v. Ohio*, 392 U.S. 1, 16 (1968) (stating a person has been "seized" within the meaning of the Fourth Amendment "whenever a police officer accosts [the] individual and restrains his freedom to walk away"); *State v. Woodruff*, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct. App. 2001) ("A police officer may stop and briefly detain and question a person for investigative purposes, without treading upon his Fourth Amendment rights, when the officer has a reasonable suspicion supported by articulable facts, short of probable cause for arrest, that the person is involved in criminal activity."); S.C. Code Ann. § 56-5-3160(a) (2006) ("Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."); *Woodruff*, 344 S.C. at 546, 544 S.E.2d at 295 ("If the officer's suspicions are confirmed or are further aroused, the stop may be prolonged and the scope enlarged as required by the circumstances.").

2. As to Issue 2: *Terry*, 392 U.S. at 16 (providing there is a "search" when a police officer makes a "careful exploration of the outer surfaces of a person's clothing . . . in an attempt to find weapons"); *State v. Fowler*, 322 S.C. 263, 267, 471 S.E.2d 706, 708 (Ct. App. 1996) (stating even if a *Terry* stop is proper, "before the police may frisk a defendant, they must have a reasonable belief the defendant is armed and dangerous"); *id.* ("An officer must be able to specify the particular facts on which he or she based his or her belief the suspect was armed and dangerous."); *Terry*, 392 U.S. at 27 (stating in assessing whether a suspect is armed and dangerous, "[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**