**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Joseph Berry, Appellant.

Appellate Case No. 2015-002557

———————————

Appeal From Richland County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-380
Submitted September 1, 2017 – Filed October 18, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Brandon Joseph Berry appeals his convictions of attempted murder, attempted armed robbery, resisting arrest, unlawful carrying of a pistol,

and unlawful conduct towards a child, arguing the trial court erred in finding (1) he did not have an actual and reasonable expectation of privacy in his girlfriend's apartment and (2) his girlfriend voluntarily consented to a search of her apartment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Berry had an actual and reasonable expectation of privacy in his girlfriend's apartment: *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); *id.* ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error."); U.S. Const. amend. IV. ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated. . . ."); *State v. Missouri*, 361 S.C. 107, 112, 603 S.E.2d 594, 596 (2004) ("To claim protection under the Fourth Amendment of the U.S. Constitution, defendants must show that they have a legitimate expectation of privacy in the place searched."); *State v. Robinson*, 410 S.C. 519, 530, 765 S.E.2d 564, 570 (2014) ("[T]he criminal defendant retains the burden to establish that he is asserting his own Fourth Amendment rights, rather than vicariously asserting the rights of others; therefore, the defendant bears the burden to demonstrate that he had an actual and reasonable expectation of privacy in the place illegally searched."); *id.* at 528-30, 765 S.E.2d at 569-70 (providing factors the court may consider in determining whether the defendant demonstrated he had an actual and reasonable expectation of privacy in an area searched include: (1) "whether the defendant owned the home or had property rights to it"; (2) "whether he was an overnight guest at the home"; (3) "whether he kept a change of clothes at the home"; (4) "whether he had a key to the home"; (5) "whether he had dominion and control over the home and could exclude others from the home"; (6) "how long he had known the owner of the home"; (7) "how long he had been at the home"; (8) "whether he attempted to keep his activities in the home private"; (9) "whether he engaged in typical domestic activities at the home, or whether he treated it as a commercial establishment"; (10) "whether he alleged a proprietary or possessory interest in the premises and property seized"; and (11) "whether he paid rent at the home").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  As to whether his girlfriend voluntarily consented to a search of her apartment: *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); *id.* ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error."); *State v. Provet*, 405 S.C. 101, 113, 747 S.E.2d 453, 460 (2013) ("A warrantless search is reasonable within the meaning of the Fourth Amendment when voluntary consent is given for the search."); *State v. Greene*, 330 S.C. 551, 557, 499 S.E.2d 817, 820 (Ct. App. 1997) ("The issue of voluntary consent, when contested by contradicting testimony, is an issue of credibility to be determined by the trial [court].  A trial [court's] conclusions on issues of fact regarding voluntariness will not be disturbed on appeal unless so manifestly erroneous as to be an abuse of discretion." (citation omitted)); *State v. Mattison*, 352 S.C. 577, 584, 575 S.E.2d 852, 855 (Ct. App. 2003) ("Whether a consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances."); *State v. Johnson*, 413 S.C. 458, 467, 776 S.E.2d 367, 371 (2015) ("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the trial court's factual findings are supported by any evidence in the record.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**