**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keyon Devon Deshawn Robinson, Appellant.

Appellate Case No. 2014-002434

---

Appeal From Greenville County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-106
Heard November 8, 2017 – Filed March 14, 2018

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, all for Respondent.

---

**PER CURIAM:** Keyon Devon Deshawn Robinson appeals his convictions for
trafficking in cocaine base (more than ten grams) and resisting arrest, arguing the

circuit court erred in denying his motion to suppress because law enforcement seized the drugs during an unlawful search.  We affirm.

At approximately 4:37 a.m. on December 18, 2011, Deputy Chris Hinton of the Greenville County Sheriff's Department responded to a report of individuals fighting in a Waffle House parking lot and arguing with a security officer.  When Deputy Hinton arrived, he observed Robinson leaving the Waffle House; Robinson was screaming, using profane language, cursing at security officers, and holding a Crown Royal bag.  Initially, Deputy Hinton did not recognize the bag as a Crown Royal bag because he did not see the logo; however, he observed that the bag was purple and the size of a liquor bottle.

As Deputy Hinton approached, Robinson walked toward a vehicle and dropped the Crown Royal bag into the back seat.  Deputy Hinton then made contact with Robinson outside the vehicle near the rear door on the driver's side, advised him he was under arrest for public disorderly conduct, and placed him in handcuffs.  Deputy Hinton observed that Robison smelled of alcohol.  While Deputy Hinton was arresting Robinson, the driver attempted to exit the vehicle; Deputy Hinton had to repeatedly instruct the driver to remain in the vehicle.

Immediately after handcuffing Robinson, Deputy Hinton grabbed the Crown Royal bag from the back seat of the vehicle and found narcotics in the bag.  Only a few seconds elapsed between Robinson throwing the bag into the back seat and Deputy Hinton retrieving it.  Deputy Hinton and Robinson remained next to the vehicle between the back door and the trunk until a backup officer arrived to secure the vehicle's other occupants.  Three people were inside the vehicle during the encounter—two passengers in the back seat, where Robinson dropped the Crown Royal bag, and the driver in the front seat.  After a backup officer arrived on the scene, Deputy Hinton secured Robinson in his patrol car.

"The Fourth Amendment protects against unreasonable searches and seizures." *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 327 (2011); *see also* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause . . . ."); S.C. Const. art. I, § 10 (protecting "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures").  "Warrantless searches and seizures are unreasonable absent a recognized exception to the warrant requirement." *Wright*, 391 S.C. at 442, 706 S.E.2d at 327.  Exceptions to the warrant requirement include:  "(1) search incident to a lawful

arrest, (2) hot pursuit, (3) stop and frisk, (4) automobile exception, (5) the plain view doctrine, (6) consent, and (7) abandonment." *State v. Brown*, 401 S.C. 82, 89, 736 S.E.2d 263, 266 (2012).

"Pursuant to the automobile exception, if there is probable cause to search a vehicle, a warrant is not necessary so long as the search is based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." *State v. Weaver*, 374 S.C. 313, 320, 649 S.E.2d 479, 482 (2007). "Probable cause to conduct a search exists where 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" *State v. Morris*, 411 S.C. 571, 580, 769 S.E.2d 854, 859 (2015) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "The principle components of a determination of . . . probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to . . . probable cause." *Id.* at 580–81, 769 S.E.2d at 859 (quoting *Ornelas*, 517 U.S. at 696) (alteration in original).

"Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009) (emphasis added).

We find no clear error in the circuit court's denial of Robinson's motion to suppress because Deputy Hinton's search fell within two exceptions to the Fourth Amendment's warrant requirement—the automobile exception and the exception for a search incident to a lawful arrest. *See Brown*, 401 S.C. at 87, 736 S.E.2d at 265 ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error.").

Upon arriving at the Waffle House after receiving a report of people arguing with a security officer, Deputy Hinton witnessed Robinson using profane language, cursing at security officers, and carrying a Crown Royal bag. Deputy Hinton further observed that Robinson smelled of alcohol. As Deputy Hinton approached, he saw Robinson throw the Crown Royal bag into the back seat of a vehicle. Although Deputy Hinton did not immediately recognize that the bag was specifically a Crown Royal bag, he identified that the bag was purple and the size of a liquor bottle. Based upon these observations, Deputy Hinton had probable cause to seize the bag without a warrant from the back seat of the vehicle based

upon his reasonable belief that it contained evidence of Robinson's gross intoxication.  *See Weaver*, 374 S.C. at 320, 649 S.E.2d at 482 ("Pursuant to the automobile exception, if there is probable cause to search a vehicle, a warrant is not necessary so long as the search is based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained."); *Morris*, 411 S.C. at 580, 769 S.E.2d at 859 (providing probable cause exists when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" (quoting *Ornelas*, 517 U.S. at 696)); S.C. Code Ann. §16-17-530 (2015) (providing a person is guilty of public disorderly conduct if he is found in a public place "in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner" or "us[ing] obscene or profane language.").

Likewise, because Deputy Hinton had a reasonable belief that the vehicle contained evidence of Robinson's disorderly conduct, it was not necessary that he obtain a warrant prior to his search of the back seat and his seizure of the Crown Royal bag.  *See Brown*, 401 S.C. at 89, 736 S.E.2d at 266 (recognizing a search incident to a lawful arrest as an exception to the Fourth Amendment's warrant requirement); *Gant*, 556 U.S. at 351 ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." (emphasis added)).  Thus, Deputy Hinton lawfully seized the bag and the drugs inside pursuant to Robinson's lawful arrest.

**Conclusion**

Robinson's convictions are

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**