**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Alston, Appellant.

Appellate Case No. 2016-000739

---

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-393
Submitted September 1, 2018 – Filed October 31, 2018

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cardwell*, 414 S.C. 416, 425, 778 S.E.2d 483, 488 (Ct. App. 2015) ("The court will only reverse the [trial] court's ruling on a motion to suppress

when there is clear error."); *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("However, [the appellate court may] conduct[] its own review of the record to determine whether the trial [court]'s decision is supported by the evidence."); *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 327 (2011) ("The Fourth Amendment protects against unreasonable searches and seizures."); *State v. Forrester*, 343 S.C. 637, 645, 541 S.E.2d 837, 841 (2001) ("The South Carolina Constitution, with an express right to privacy provision included in the article prohibiting unreasonable searches and seizures, favors an interpretation offering a higher level of privacy protection than the Fourth Amendment."); *State v. Weaver*, 374 S.C. 313, 322, 649 S.E.2d 479, 483 (2007) ("Once the officers have probable cause to search a vehicle, the state constitution's requirement that the invasion of one's privacy be reasonable will be met."); *State v. Williams*, 351 S.C. 591, 598, 571 S.E.2d 703, 707 (Ct. App. 2002) ("Where probable cause exists to believe that a traffic violation has occurred, the decision to stop the automobile is reasonable per se."); *State v. Freiburger*, 366 S.C. 125, 131, 620 S.E.2d 737, 740 (2005) ("Evidence seized in violation of the Fourth Amendment must be excluded from trial."); *Wright*, 391 S.C. at 442, 706 S.E.2d at 327 ("Warrantless searches and seizures are unreasonable absent a recognized exception to the warrant requirement."); *State v. Brown*, 401 S.C. 82, 89, 736 S.E.2d 263, 266 (2012) (stating the exceptions to the warrant requirement include: "(1) search incident to a lawful arrest, (2) hot pursuit, (3) stop and frisk, (4) automobile exception, (5) the plain view doctrine, (6) consent, and (7) abandonment"); *Freiburger*, 366 S.C. at 132, 620 S.E.2d at 740 ("A search may be conducted incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest."); *State v. Bultron*, 318 S.C. 323, 332, 457 S.E.2d 616, 621 (Ct. App. 1995) ("[T]he automobile exception[] allows law enforcement officials to conduct a search of an automobile based on probable cause alone due to the lessened expectation of privacy in motor vehicles traveling on public highways."); *United States v. Place*, 462 U.S. 696, 706-07 (1983) (holding an examination by a trained narcotics dog is not a search and seizure but is considered a minor intrusion); *Illinois v. Caballes*, 543 U.S. 405, 407-10 (2005) (holding once a drug dog alerts an officer of possible contraband, probable cause exists to search the car); *United States v. Jeffus*, 22 F.3d 554, 557 (4th Cir. 1994) (finding a trained narcotics dog's sniff of a vehicle stopped in a public place does not constitute a search, and the dog's positive alert for drugs gives probable cause for a subsequent search of the vehicle).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, SHORT, and WILLIAMS, JJ., concur.**