**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Willie James Smith, Appellant.

Appellate Case No. 2024-000879

---

Appeal From Florence County
H. Steven DeBerry, IV, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-204
Submitted April 1, 2026 – Filed May 6, 2026

---

**AFFIRMED**

---

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General MacKinnon Grace Westraad, all of Columbia, for Respondent.

---

**PER CURIAM:** Willie James Smith appeals his conviction for murder and sentence of life imprisonment. On appeal, Smith argues the trial court erred in

denying his request for a self-defense jury instruction. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in refusing Smith's request for a self-defense jury instruction. Viewing the evidence in a light most favorable to Smith, there was no evidence presented at trial showing Smith was, or believed he was, in actual imminent danger of losing his life or sustaining serious bodily injury. *See State v. Wright*, 416 S.C. 353, 364, 785 S.E.2d 479, 485 (Ct. App. 2016) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous." (quoting *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012))); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608-09 (Ct. App. 2012) ("When reviewing the [trial] court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *Wright*, 416 S.C. at 375, 785 S.E.2d at 491 ("To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, the defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger." (quoting *State v. Light*, 378 S.C. 641, 649, 664 S.E.2d 465, 469 (2008))); *id.* ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial [court's] refusal to do so is reversible error." (quoting *Light*, 378 S.C. at 650, 664 S.E.2d at 469)).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.