Justice HEARN.
Roger Bruce was convicted of murder for the death of his girlfriend, Laura Creel. On appeal, Bruce argued evidence *507 offered at trial relating to the discovery of Creel’s body was obtained in violation of his Fourth Amendment rights. The court of appeals found the record was incomplete for appellate review and remanded. State v. Bruce, 402 S.C. 621, 741 S.E.2d 590 (Ct.App.2013). We granted both parties’ petitions for certiorari. We now reverse the court of appeals’ opinion and affirm his conviction.
FACTUAL/PROCEDURAL BACKGROUND
Bruce and Creel were in a romantic relationship and lived together. One evening, Bruce called Creel’s son, Shane Ritch, to ask whether he had spoken with Creel. Bruce told Ritch he had not seen her in a couple of days and did not know where she was. Bruce also informed Ritch that Creel’s car was still parked outside of their garage apartment. Ritch was concerned because Creel never went anywhere without her car, her phone, and her dog. He immediately called his brother who told him they needed to figure out what happened. Ritch then called the police.
Ritch told the police that neither he nor Bruce had seen Creel in a few days and requested they check on her. He told the police what type of vehicle she drove and that she had left her car, phone, and dog at the house she shared with Bruce, which was uncharacteristic.
Officer Beckett, Officer Starling, and Corporal Hobgood responded to the call. Upon arrival, the officers informed Bruce they were there on a welfare check for Creel and asked if she was inside. Bruce said she was not, and the officers requested permission to look around for her inside. Bruce allowed them inside, and the officers did a quick scan of the rooms. Not finding anything, the officers began to question Bruce, who told them Creel had left after the two argued.
During the conversation, the officers noticed a cell phone and car keys on a table nearby. Bruce informed the officers they both belonged to Creel and Hobgood picked up the keys and went outside to the vehicle. Hobgood looked through the windows into the interior of the car and then attempted to open the trunk, but it would not open. He then asked Bruce which key opened the trunk and Bruce moved toward Hob- *508 good as if to grab the keys. Hobgood pulled the keys back, and Starling pressed the trunk release button. Inside the trunk, the officers discovered Creel’s body.
Bruce was subsequently charged with murder and the case proceeded to trial. During the course of Beckett’s testimony regarding how the police found Creel’s body in the trunk, Bruce objected “to the discovery of the body in this fashion” on the basis that there was no consent and no search warrant was obtained. When the trial court asked what basis Bruce had to object, he responded that it was on his property and the keys were in his house. The solicitor argued it was Creel’s car and Bruce therefore had no expectation of privacy. He further claimed Hobgood had testified the previous day that Bruce offered to open the trunk for them. Ultimately, the court denied the motion stating, “[i]t appears that this is inevitable discovery; but/for hitting the release button and opening the trunk according to the earlier testimony Mr. Bruce was gonna [sic] open the trunk for them, or at least was providing the keys to do so.”
Bruce was convicted and sentenced to life imprisonment. On appeal, Bruce argued the trial court erred in denying the motion to suppress because Bruce never consented to the officers taking the keys from his home. The court of appeals reversed, finding the record was insufficient for appellate review and remanding with instructions:
If the court determines Bruce had a legitimate expectation of privacy in the trunk of Creel’s car, the police violated Bruce’s Fourth Amendment rights by exceeding the scope of his consent, and the evidence should have been suppressed pursuant to the exclusionary rule, the court shall consider whether the error in admitting the evidence was harmless. If the court determines it erred and the error was not harmless, it shall grant a new trial. If the court determines it did not err in admitting the evidence, or the error was harmless, Bruce’s conviction must be affirmed.
Bruce, 402 S.C. at 627, 741 S.E.2d at 593. Both the State and Bruce petitioned for certiorari and the Court granted both petitions.[1]
*509 ISSUE PRESENTED
Did the court of appeals err in failing to affirm the trial court’s denial of the motion to suppress?
STANDARD OF REVIEW
“A ruling on the admissibility of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.” State v. Mercer, 381 S.C. 149, 160, 672 S.E.2d 556, 561 (2009). On review of a Fourth Amendment search and seizure case, an appellate court must affirm if there is any evidence to support the ruling and will reverse only when there is clear error. State v. Wright, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011).
LAW/ANALYSIS
Prior to addressing the legal issue before the Court, we correct the error of the court of appeals’ mandate. The court of appeals held the trial court did not provide sufficient findings for appellate review and remanded for consideration of whether Bruce had an expectation of privacy in the trunk of Creel’s car and the scope of his consent. The court of appeals further instructed the trial court that if it found the introduction of the evidence was in error, it “shall consider whether the error in admitting the evidence was harmless.” Bruce, 402 S.C. at 627, 741 S.E.2d at 593. As both parties agree, it is clearly improper for the trial court to perform a harmless error analysis on its own evidentiary ruling. Trial courts cannot sit in judgment of their own rulings and proceedings. See Floyd v. State, 303 S.C. 298, 299, 400 S.E.2d 145, 146 (1991) (adopting, as a matter of policy, a per se rule of recusal that a judge who presided over a defendant’s criminal trial cannot preside over a subsequent post-conviction relief proceeding). Furthermore, the harmless error analysis is an appellate doctrine arising from the principle that “appellate courts will not set aside judgments due to insubstantial errors not affecting the result.” Way v. State, 410 S.C. 377, 384, 764 S.E.2d 701, 705 (2014). The court of appeals cannot relinquish its responsibility to make this fundamental determination in reviewing an appeal from a criminal conviction.
*510 Turning now to the merits, Bruce argues the police violated his Fourth Amendment rights by removing the car keys that were in his home without his consent.[2] We disagree and find the officers’ seizure of Creel’s car keys from inside Bruce’s home was reasonably encompassed within his consent to enter the home and search for Creel.[3]
The Fourth Amendment to the United States Constitution protects a person’s right to be free from unreasonable searches and seizures. U.S. Const, amend. IV. “A ‘search’ occurs when an expectation of privacy that society is prepared to consider reasonable is infringed[ and a] ‘seizure’ of property occurs when there is some meaningful interference with an individual’s possessory interests in that property.” United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Searches and seizures without a warrant are per se unreasonable absent a recognized exception. Wright, 391 S.C. at 442, 706 S.E.2d at 327. The State bears the burden to demonstrate that it was entitled to conduct the search or seizure under an exception to the Fourth Amendment’s warrant requirement. State v. Gamble, 405 S.C. 409, 416, 747 S.E.2d 784, 787 (2013). It is well-settled that one of the “established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.” Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). “The standard for measuring the scope of a suspect’s consent under the Fourth Amendment is that of ‘objective’ reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?” Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).
*511 The State contends the officers had consent to seize the keys because they were given permission by Bruce to perform a welfare check. We agree. Bruce was aware that the officers were seeking to determine Creel’s whereabouts when they requested entry to his home. It is undisputed that Bruce then allowed them in his home. A reasonable person would have understood that this search may extend to looking in her car, which was parked just outside, for any additional insight into where she may have gone or what could have happened to her. Furthermore, our conclusion that the officers acted within the scope of Bruce’s consent is supported by Bruce’s failure to stop this alleged violation of his constitutional rights. United States v. Jones, 356 F.3d 529, 534 (4th Cir.2004) (“[A] suspect’s failure to object (or withdraw his consent) when an officer exceeds limits allegedly set by the suspect is a strong indicator that the search was within the proper bounds of the consent search.”). When Hobgood picked up the ear keys and walked outside, Bruce did not object but simply accompanied the officers out to the car. We accordingly find no violation of Bruce’s Fourth Amendment rights.
CONCLUSION
Based on the foregoing, we find the trial court did not err in denying Bruce’s motion to suppress. We therefore reverse the court of appeals and affirm Bruce’s conviction.
TOAL, C.J. and KITTREDGE, J., concur.
BEATTY, J., concurring in result only.
PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

. We decide this case with regard to the issue raised in the State's petition and dismiss Bruce's petition for certiorari as improvidently granted.

. Brace also alleges the search of the trank of Creel’s car was unreasonable and violated his Fourth Amendment rights. However, Bruce only argued to the court of appeals about the seizure of the car keys; we therefore find any challenge to the subsequent search of the trank unpreserved. City of Columbia v. Ervin, 330 S.C. 516, 520, 500 S.E.2d 483, 485 (1998) (holding an issue not raised by exception to an intermediate appellate court cannot be raised in a subsequent appeal).

. Given our determination that the officers did not violate Brace’s Fourth Amendment rights, we find it unnecessary to address the State's contention that the evidence would have been inevitably discovered.