**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Debra Lynne Sheridan, Appellant.

Appellate Case No. 2015-002459

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-135
Submitted March 1, 2018 – Filed April 4, 2018

———————

**AFFIRMED**

———————

Darren S. Haley and Willie James Peters, III, both of The Haley Law Firm, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General Susan Ranee Saunders, all of Columbia, and Solicitor David R. Wagner, of Anderson, for Respondent.

———————

**PER CURIAM:**  Debra Lynn Sheridan appeals her convictions for violating the inoculation of pets section of the rabies control statute[1] and possession of methamphetamine.  We affirm.

## I.        Motion to Dismiss

Sheridan argues the trial court erred by denying her motion to dismiss. Specifically, she contends (1) officers had neither probable cause nor reasonable suspicion to search her property, and (2) officers violated her right to privacy by performing a warrantless search of her property.  We disagree.[2]

First, we find Sheridan's requested relief is not cognizable under any case law addressing unreasonable searches or seizures.  The judicial remedy for law enforcement's encroachment of that constitutional right is the exclusion of evidence—not the dismissal of charges.  *See State v. Brown*, 401 S.C. 82, 88, 736 S.E.2d 263, 266 (2012) ("The Fourth Amendment itself provides no remedy for a violation of the warrant requirement.  However, the United States Supreme Court has fashioned a judicially-created remedy, the exclusionary rule, which is a deterrent sanction by which the prosecution is barred from introducing evidence

---

[1] S.C. Code Ann. § 47-5-60 (2017).

[2] The State contends Sheridan's arguments are not preserved for our review because she did not reference either the United States Constitution or the South Carolina Constitution in her motion prior to trial and instead focused on the validity of the prior magistrate court agreement (the Agreement).  Prior to trial, Sheridan moved to dismiss the charges due to the lack of a search warrant. Sheridan argued the Agreement was not binding on her and she never consented to the search.  The trial court denied the motion.  While Sheridan did not specifically cite the United States Constitution, she sufficiently raised the argument regarding the lack of a search warrant.  Accordingly, this argument is preserved for our review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *State v. Russell*, 345 S.C. 128, 132, 546 S.E.2d 202, 204 (Ct. App. 2001) (holding a party need not use the exact name of a legal doctrine in order to preserve an argument, but it must be clear that the argument has been presented on that ground).  Sheridan made no argument as to her right to privacy; therefore, that argument is not preserved for our review.

obtained in violation of the Fourth Amendment." (citations omitted)). Accordingly, Sheridan is not entitled to the relief she requested at trial.

Additionally, even converting Sheridan's argument to a suppression request, she failed to articulate the specific evidence she wished to suppress or how the admission of that evidence prejudiced her. To the extent Sheridan objects to the admission of the methamphetamine, this evidence was admitted at trial without objection. Because she did not make a contemporaneous objection at the time of admission, this argument is unpreserved. *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."). Furthermore, Sheridan testified the animals did not wear their rabies tags, which was in direct violation of the statute. Therefore, any other evidence admitted that would be relevant to those convictions is cumulative.

Moreover, Sheridan's argument fails substantively. "On appeal from a motion to suppress on Fourth Amendment grounds, this [c]ourt applies a deferential standard of review and will reverse only if there is clear error." *Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 863, 868 (2014). "The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently." *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005). Instead, the court will "affirm if there is any evidence to support the ruling." *State v. Brockman*, 339 S.C. 57, 66, 528 S.E.2d 661, 666 (2000).

The Fourth Amendment to the United States Constitution secures the right of the people to be secure against unreasonable search and seizure. U.S. Const. amend. IV. "The touchstone of [an] analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" *Pennsylvania v. Mimms*, 434 U.S. 106, 108-09 (1977) (quoting *Terry v. Ohio*, 392 U.S. l, 19 (1968)). Warrantless searches and seizures are "per se unreasonable absent a recognized exception." *State v. Bruce*, 412 S.C. 504, 510, 772 S.E.2d 753, 756 (2015). "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamante*, 412 U.S. 218, 219 (1973).

> [T]o satisfy the 'reasonableness' requirement of the
> Fourth Amendment, what is generally demanded of the
> many factual determinations that must regularly be made

by agents of the government—whether the magistrate issuing a warrant, the police officer executing a warrant, or the police officer conducting a search or seizure under one of the exceptions to the warrant requirement—is not that they always be correct, but that they always be reasonable.

*Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990). The rationale underpinning this conclusion is that "to be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'" *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

Here, the officers conducted their search pursuant to what they believed was a court ordered welfare check. As the trial court observed regarding the Agreement in denying Sheridan's motion to dismiss: "you've got a document signed by a magistrate. It's titled agreement. But it appears to me that this was a hearing. And it appears to me the case was taken off the docket because of the provisions that were signed by the magistrate." The Agreement authorized officers to conduct "routine and random welfare checks." Regardless of the Agreement's validity, the officers' belief that the Agreement—which was signed by a magistrate judge and attested to the agreement of both parties—provided consent for the search was reasonable. Accordingly, the trial court did not err in denying Sheridan's motion to dismiss.

## II.    The Agreement

Sheridan argues the trial court erred in finding the Agreement was valid, and alternatively, the court erred in failing to find the State breached the Agreement by not affording her the time indicated in the Agreement to comply with its terms. We disagree. The trial court never held the Agreement was a valid contract and specifically noted Sheridan was "not on trial for violating the magistrate court's conditions."

## III.    Admission of Photographs

Sheridan argues the trial court erred in admitting photographs of the interior of an abandoned mobile home on her property. We disagree.

"For evidence to be admissible, it must be relevant." *State v. Sweat*, 362 S.C. 117, 126, 606 S.E.2d 508, 513 (Ct. App. 2004). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Rule 403, SCRE. "The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." *State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000).

At trial, the State introduced ten photographs depicting the interior of a mobile home on Sheridan's property. Although Sheridan testified the animals were not permitted inside the mobile home, the photos depict rooms covered in animal feces. On appeal, Sheridan argues the photos were not related to any of her charges; therefore, they were irrelevant and improperly admitted.

The photos admitted into evidence were relevant to the ill-treatment of animals charges. While Sheridan contends the State failed to prove the origin of the feces, one could reasonably infer the animals were permitted to enter the mobile home, and Sheridan testifying to the contrary merely makes that a question of fact. Additionally, the photos are not so inflammatory the prejudice substantially outweighed the probative value. Many of the unchallenged photographs are similarly unpleasant.

Moreover, Sheridan was not prejudiced by the admission of the photographs. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (noting error only requires reversal when the defendant can prove prejudice). The photos were relevant to the charges of ill treatment of animals—charges for which Sheridan was acquitted. The photos have no bearing on whether the animals were properly tagged or whether Sheridan was in possession of methamphetamines. Accordingly, the trial court did not err in allowing the photographs of the mobile home into evidence.

## IV.   Directed Verdict

Sheridan argues the trial court erred in denying her directed verdict motion regarding the rabies tag violations. We disagree.

"On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State." *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014). "If the [S]tate has presented 'any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused,' this [c]ourt must affirm the trial court's decision to submit the case to the jury." *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) (quoting *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004)).

The rabies inoculation statute provides:

> With the issuance of the certificate, the licensed veterinarian shall furnish a serially numbered metal license tag bearing the same number and year as the certificate with the name and telephone number of the veterinarian, veterinary hospital, or practice. *The metal license tag at all times must be attached to a collar or harness worn by the pet for which the certificate and tag have been issued.*

S.C. Code Ann. § 47-5-60 (2017) (emphasis added). At trial, the officers and Sheridan all testified the animals did not have rabies tags on their collars. While Sheridan insists other shelters are similarly in violation of the statute by not keeping rabies tags on their animals, whether other shelters are in violation of the law is immaterial. The statute clearly provides rabies tags must be worn at all times and the record contains evidence Sheridan's animals were not wearing rabies tags. Accordingly, the trial court did not err in denying Sheridan's directed verdict motion.

## V.    Sentencing

Sheridan argues the trial court abused its discretion by including in its sentence a prohibition on operating an animal rescue shelter. Specifically, Sheridan contends the court's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

This argument is not preserved for our review. Sheridan never objected to the sentence at trial or in a post-trial motion. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not

raised and ruled upon in the trial court will not be considered on appeal."). Furthermore, we note the prohibition against operating an animal rescue shelter was a term of Sheridan's probation and not a lifetime ban on operating a shelter.

**AFFIRMED.**[3]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.