CHIEF JUSTICE BEATTY :
Sarah Cardwell ("Petitioner") appealed her convictions of two counts of unlawful conduct towards a child and two counts of first-degree sexual exploitation of a minor, asserting the trial court erred in denying her motion to suppress a video file taken from her laptop computer. The Court of Appeals affirmed the trial court's denial of Petitioner's motion to suppress. State v. Cardwell , 414 S.C. 416, 778 S.E.2d 483 (Ct. App. 2015). We affirm as modified.
I. Factual and Procedural History
Computer technician David Marsh was repairing Petitioner's laptop when Chief Ron Douglas of the Johnsonville Police Department stopped by Marsh's home to deliver packages.[1] While Marsh was taking the packages to his garage, Chief Douglas saw an image go across the computer screen of a naked, male child wearing a pink bra. Chief Douglas called Marsh back into the room, saying "I just saw something go across the screen, can you back it up." Marsh backed up a few files until the image, which was a still shot from a video, reappeared on the screen. At Chief Douglas's request, Marsh clicked play, and the two men watched a minute of the video showing Petitioner's daughter, son, and then-boyfriend, Michael Cardwell, dancing naked.[2] Petitioner cannot be seen in the video; however, Marsh was able to identify Petitioner as the individual behind the camera directing the children's movements based on her voice.
Upon Chief Douglas's instruction, Marsh copied the video to a disc. Due to jurisdictional concerns, Chief Douglas did not take either the disc or the laptop. Rather, he instructed Marsh to secure the items until he contacted the Georgetown County Sheriff's Office ("GCSO") to see if they would take over the investigation. After watching a portion of the video, Investigator Phillip Hanna with the GCSO took possession of the disc and laptop and obtained a search warrant for these items.
A grand jury subsequently indicted Petitioner on two counts of unlawful conduct towards a child and two counts of first-degree sexual exploitation of a minor. Before trial, Petitioner moved to suppress the video file, arguing she had a reasonable expectation of privacy in the contents of her computer, including the video file at issue. The trial court denied the motion, finding Petitioner did not retain a reasonable expectation of privacy in the contents of her computer files since she voluntarily gave her computer to Marsh and thereby exposed its contents to the public. As a result, the trial court admitted both the video and still images from the video into evidence. After a jury found Petitioner guilty on all counts, the trial court sentenced Petitioner to concurrent two-year sentences on the unlawful conduct charges and concurrent three-year sentences for the two counts of first-degree sexual exploitation *453 of a minor. The trial court ordered the three-year sentences to run consecutive to the two-year sentences.
The Court of Appeals affirmed Petitioner's convictions after determining the trial court properly denied her motion to suppress the video evidence. State v. Cardwell , 414 S.C. 416, 778 S.E.2d 483 (Ct. App. 2015). In arriving at its decision, the court disagreed with the trial court's conclusion that Petitioner relinquished her reasonable expectation of privacy in the contents of the computer files by giving her laptop to Marsh for repair. Id . at 429, 778 S.E.2d at 490. The court reasoned "the act of providing an information technology professional access to one's data for the sole purposes of preserving that data and restoring the computer's functionality does not constitute exposing the data to 'the public.' " Id . at 426, 778 S.E.2d at 488. Nevertheless, the court held Petitioner did not have a reasonable expectation of privacy in the particular video file at issue because the still image from the video file of the male child wearing a pink bra "was in Chief Douglas's plain view and gave the appearance that the video file's content included a minor engaging in inappropriate sexual behavior." Id . at 433-34, 778 S.E.2d at 492. Therefore, "[o]nce the sexually suggestive still image of the child in a bra appeared, no warrant was required to open and view this video file containing that very image." Id. at 429, 778 S.E.2d at 490. As an additional sustaining ground, the court determined the evidence would have been admissible under the inevitable discovery doctrine because "[h]aving seen the still image ..., both Chief Douglas and Investigator Hanna clearly had probable cause to obtain a search warrant to open the video file." Id . at 433, 778 S.E.2d at 492.
We granted Petitioner's writ of certiorari to review the Court of Appeals' decision.
II. Standard of Review
"On appeals from a motion to suppress based on Fourth Amendment grounds, this Court applies a deferential standard of review and will reverse if there is clear error." State v. Moore , 415 S.C. 245, 251, 781 S.E.2d 897, 900 (2016) (quoting State v. Adams , 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014) ). "The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently." Id . (quoting State v. Pichardo , 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005) ). "When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it; the appellate court may reverse only for clear error." State v. Brown , 401 S.C. 82, 87, 736 S.E.2d 263, 265-66 (2012) (citing State v. Missouri , 361 S.C. 107, 603 S.E.2d 594 (2004) ; State v. Pichardo , 367 S.C. 84, 623 S.E.2d 840 (Ct. App. 2005) ).
III. Discussion
Petitioner contends the Court of Appeals erred in upholding the trial court's denial of her motion to suppress the video file seized from her laptop computer. We disagree.
The Fourth Amendment to the United States Constitution protects persons from unreasonable searches and seizures. U.S. Const. amend. IV. "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed [and a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." State v. Bruce , 412 S.C. 504, 510, 772 S.E.2d 753, 756 (2015) (quoting United States v. Jacobsen , 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) ). "Searches and seizures without a warrant are per se unreasonable absent a recognized exception." Bruce , 412 S.C. at 510, 772 S.E.2d at 756. One such exception is the plain view doctrine. See State v. Wright , 391 S.C. 436, 443, 706 S.E.2d 324, 327 (2011) (recognizing the plain view doctrine as an exception to the warrant requirement and setting forth the test for its applicability as "(1) the initial intrusion which afforded the authorities the plain view was lawful and (2) the incriminating nature of the evidence was immediately apparent to the seizing authorities"). Of course, even without an applicable exception to the warrant requirement, evidence acquired as a result of a warrantless search or seizure may be admissible if the evidence would have inevitably been discovered by lawful means. State v. Brown , 389 S.C. 473, 483, 698 S.E.2d 811, 816 (Ct. App. 2010), rev'd on other grounds by 401 S.C. 82, 736 S.E.2d 263 (2012).
*454 a. Plain View Doctrine
"[T]he two elements necessary for the plain view doctrine are: (1) the initial intrusion which afforded the authorities the plain view was lawful and (2) the incriminating nature of the evidence was immediately apparent to the seizing authorities." State v. Wright , 391 S.C. 436, 446, 706 S.E.2d 324, 328-29 (2011). As the United States Supreme Court articulated in Minnesota v. Dickerson ,
The rationale of the plain-view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" within the meaning of the Fourth Amendment-or at least no search independent of the initial intrusion that gave the officers their vantage point.
508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
It is undisputed Chief Douglas was lawfully in the viewing area since he saw the image inside Marsh's house, where he was present upon Marsh's invitation. Furthermore, contrary to Petitioner's position, the incriminating nature of the video was readily apparent from the still image. The image was of a young boy, approximately ten or eleven years old, wearing nothing but a pink bra. This suggests the video from which the image was taken more than likely contained child pornography. Therefore, the plain view doctrine applies and the trial court did not err in denying Petitioner's motion to suppress.
b. Inevitable Discovery Doctrine
Even assuming the video evidence was unlawfully obtained, the inevitable discovery doctrine provides that illegally obtained information may nevertheless be admissible if the prosecution can establish by a preponderance of the evidence that the information would have ultimately been discovered by lawful means. Nix v. Williams , 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Anytime a computer technician discovers images depicting "a child younger than eighteen years of age ... engaging in sexual conduct, sexual performance, or a sexually explicit posture ," section 16-3-850 of the South Carolina Code requires the technician to report the owner of the computer to law enforcement. S.C. Code Ann. § 16-3-850 (2015) (emphasis added). Thus, once Marsh saw the still image of the male child wearing a bra, he was required to report the image to law enforcement. To be sure, when asked whether this was a matter in which Marsh would have felt he had to report, Marsh responded "Yes, it's required of all PC techs."
The fact that Marsh would not have seen the image without Chief Douglas's instruction is irrelevant because there was nothing unlawful about Chief Douglas bringing the still image to Marsh's attention since it was in Chief Douglas's plain view. While there are Fourth Amendment concerns regarding both Chief Douglas's and Investigator Hanna's subsequent search, or viewing of the video without a warrant, those concerns arise out of conduct that occurred after Marsh became aware of the image.
IV. Conclusion
Accordingly, the Court of Appeals' decision affirming the trial court's denial of Petitioner's motion to suppress is affirmed as modified.
AFFIRMED AS MODIFIED.
KITTREDGE, HEARN and FEW, JJ., concur.

Marsh testified it was customary for either Marsh to pick up his packages from the police department, which was located approximately one block from Marsh's home, or for Chief Douglas to deliver the packages to Marsh's address.

Petitioner's son testified he was approximately eleven years old in the video and his sister was approximately nine years old. However, Petitioner testified her son was seven years old and her daughter was five years old at the time she filmed the video.