[J-107-2018][M.O. - Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 16 WAP 2018
:
          Appellee : Appeal from the Order of the Superior
: Court entered 12/21/17 at No. 435 WDA
: 2017, affirming the judgment of
: sentence of the Court of Common Pleas
          v. : of Butler County entered 3/9/17 at No.
: CP-10-CR-0000896-2016
JON ERIC SHAFFER, :
:
          Appellant : ARGUED: December 6, 2018


*DISSENTING OPINION*


**CHIEF JUSTICE SAYLOR**           **DECIDED: JUNE 18, 2019**


On the issue of abandonment, I agree with those courts which have held that a person does not abandon a reasonable expectation of privacy merely by turning a computer over to a repairperson to restore its functionality. *See, e.g, United States v. Barth*, 26 F. Supp. 2d 929, 936-37 (1998); *State v. Cardwell*, 778 S.E.2d 483, 488-89 (S.C. Ct. App. 2015), *aff'd as modified*, 824 S.E.2d 451 (S.C. 2019). For my part, in the computer repair scenario, I am reluctant to find wholesale abandonment absent an express admonition to the defendant that closed files may be opened and viewed non-confidentially in the repair process*.*

Substantively, my thoughts align more closely with the majority's invocation of the private-search doctrine, since the present circumstances "significantly lessened [Appellant's] reasonable expectation of privacy 'by creating a risk of intrusion [by private

parties] which [was] reasonable foreseeable." *Id.* (quoting *United States v. Paige* 136 F.3d 1012, 1017 (5th Cir. 1998)). Nevertheless, I agree with Justice Wecht that the record has not been appropriately developed to allow for consideration of the application of the doctrine in this case. *See* Concurring and Dissenting Opinion at 3-10.

Finally, to the degree that the private search doctrine applies, it would seem to me that it should only justify a viewing, by authorities, of files that already have been opened in the course of the private search. Here, however, police proceeded to *seize* Appellant's laptop from its place of entrustment without a warrant. *See* Majority Opinion, *slip op.* at 4. Other than relying on the concept of abandonment, the Commonwealth fails to identify an applicable exception to the warrant requirement to justify such seizure.[1]

Concluding, as I do, that the case should turn on the abandonment question, and that Appellant did not completely abandon his expectation of privacy in closed computer files stored on his hard disk, I would reverse the order the Superior Court.


Justice Donohue joins this dissenting opinion.

---

[1] As Justice Wecht has amply demonstrated, many of the conceptual difficulties here arise from the shifting focus, at the present stage, from abandonment to the private search doctrine. *See, e.g.* Concurring and Dissenting Opinion at 3 ("Shaffer had no reason to anticipate or rebut any argument that Officer Maloney's warrantless inquiry into the files on his computer was permissible as an extension of CompuGig's private search."). In these circumstances, I respectfully differ with the majority's approach in faulting Appellant for failing to previously anticipate concerns and considerations relevant to the private search doctrine. *See* Majority Opinion, *slip op.* at 5 n.6.

Closer consideration of exceptions to the warrant requirement other than abandonment might be in order, had this case been developed by the Commonwealth so as to bring such exceptions into play in a timely fashion. Again, the Commonwealth does bear a substantial burden relative to warrantless seizures at a suppression hearing. *See, e.g.*, *In re L.J.*, 622 Pa. 126, 146, 79 A.3d 1073, 1085 (2013).