CHIEF JUSTICE SAYLOR, Dissenting
On the issue of abandonment, I agree with those courts which have held that a person does not abandon a reasonable expectation of privacy merely by turning a computer over to a repairperson to restore its functionality. See, e.g , United States v. Barth , 26 F. Supp. 2d 929, 936-37 (1998) ; State v. Cardwell , 414 S.C. 416, 778 S.E.2d 483, 488-89 (S.C. Ct. App. 2015), aff'd as modified , 425 S.C. 595, 824 S.E.2d 451 (2019). For my part, in the computer repair scenario, I am reluctant to find wholesale abandonment absent an express admonition to the defendant that closed files may be opened and viewed non-confidentially in the repair process.
Substantively, my thoughts align more closely with the majority's invocation of the private-search doctrine, since the present circumstances "significantly lessened [Appellant's] reasonable expectation of privacy 'by creating a risk of intrusion [by private parties] which [was] reasonable foreseeable." Id. (quoting United States v. Paige , 136 F.3d 1012, 1017 (5th Cir. 1998) ). Nevertheless, I agree with Justice Wecht *978 that the record has not been appropriately developed to allow for consideration of the application of the doctrine in this case. See Concurring and Dissenting Opinion at 979-83.
Finally, to the degree that the private search doctrine applies, it would seem to me that it should only justify a viewing, by authorities, of files that already have been opened in the course of the private search. Here, however, police proceeded to seize Appellant's laptop from its place of entrustment without a warrant. See Majority Opinion, at 960-61. Other than relying on the concept of abandonment, the Commonwealth fails to identify an applicable exception to the warrant requirement to justify such seizure.[1]
Concluding, as I do, that the case should turn on the abandonment question, and that Appellant did not completely abandon his expectation of privacy in closed computer files stored on his hard disk, I would reverse the order the Superior Court.
Justice Donohue joins this dissenting opinion.

Maj. Op. at 959-60 & n.1.