**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Vincent Thomas Shivers, Appellant.

Appellate Case No. 2022-000425

---

Appeal From Lexington County
Debra R. McCaslin, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-042
Submitted January 1, 2025 – Filed February 5, 2025

---

**AFFIRMED**

---

Benjamin Allen Stitely, Anna Maria Williams, and Jason Thomas Yonge, all of Stitely & Brink, PC, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia, for Respondent.

---

**PER CURIAM:** Vincent Thomas Shivers appeals his convictions for murder and possession of a weapon during the commission of a violent crime and sentence of

seventy-five years' imprisonment.  On appeal, Shivers argues the trial court erred in denying his motion to suppress evidence gathered by law enforcement after an officer entered Shivers's fenced backyard without a warrant or an objectively reasonable basis for believing someone inside the home required emergency assistance. We affirm pursuant to Rule 220(b), SCACR.

Assuming without deciding that the protections of the Fourth Amendment are invoked when law enforcement conducts a welfare check, we hold the trial court did not err by denying Shivers's motion to suppress because a preponderance of the evidence indicates law enforcement would have inevitably discovered the evidence.  *See State v. Frasier*, 437 S.C. 625, 632-33, 879 S.E.2d 762, 766 (2022) (stating that in reviewing a motion to suppress evidence under the Fourth Amendment, "[The appellate court] review[s] the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review"); *Robinson v. State*, 407 S.C. 169, 185, 754 S.E.2d 862, 870 (2014) ("Generally, the Fourth Amendment requires the police to have a warrant in order to conduct a search."); *Oliver v. United States*, 466 U.S. 170, 180 (1984) (stating the area "immediately surrounding and associated with the home"—the curtilage—is "part of [the] home itself for Fourth Amendment purposes"); *Robinson*, 407 S.C. at 185, 754 S.E.2d at 870 ("Evidence seized in violation of the warrant requirement must be excluded from trial."); *State v. Cardwell*, 425 S.C. 595, 601, 824 S.E.2d 451, 454 (2019) (providing for admission of illegally obtained evidence when "the prosecution can establish by a preponderance of the evidence that the information would have ultimately been discovered by lawful means").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.